UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

JOENATHAN FARR,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security Administration,

Defendant.

CV 12-6520-SH

MEMORANDUM DECISION

## I. INTRODUCTION

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for Social Security Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act (Act). The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the records before the

Commissioner. Plaintiff and Defendant have filed their pleadings, Defendant has filed the Certified Administrative Record (AR), and each party has filed its supporting brief. After reviewing the matter, the Court concludes that the decision of the Commissioner should be affirmed.

## II. BACKGROUND

On June 30, 2009, Plaintiff filed an application for SSI alleging an inability to work due to disability beginning March 1, 1991. (AR 10, 105-12). Plaintiff claimed he became disabled due to mental illness, panic disorder, anxiety, depression, nervousness, and headaches. (AR 151-59). Plaintiff's application was initially denied on November 25, 2009, and denied upon reconsideration on May 5, 2010. (AR 10, 57-61, 65-69). Following an administrative hearing before an Administrative Law Judge (ALJ), Plaintiff's application was denied on September 12, 2011. (AR 7-19). The Appeals Council denied Plaintiff's request for review on May 30, 2012.

Plaintiff makes two challenges to the ALJ's decision denying Benefits. Plaintiff alleges that the ALJ (1) failed to properly consider the combination of Plaintiff's mental and physical impairments and improperly determined Plaintiff's Residual Functional Capacity (RFC), and (2) improperly relied on the Vocational Expert's (VE) testimony. (Pl.'s Br. 1-10).

For the reasons discussed below, the Court finds that Plaintiff's claims lack merit.

## III. DISCUSSION

### A. ISSUE NO. 1:

Plaintiff contends that the ALJ failed to properly consider all of Plaintiff's physical and mental impairments, in part or in combination, and their effect on his ability to sustain work activity or maintain a substantial gainful activity. (Pl.'s Br. 2-8). Plaintiff also argues that the ALJ erred in determining his RFC. Id. Defendant

argues the ALJ properly considered Plaintiff's physical and mental impairments. (Def.'s Br. 2-8).

**1. The ALJ Properly Considered Plaintiff's Physical and Mental Impairments.**

To qualify for SSI, it must be shown that Plaintiff has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A); 20 C.F.R. §§404.1505(a), 416.905(a). The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled within the meaning of the Act. See 20 C.F.R. §404.1520.

In this case, the ALJ found that Plaintiff had the following severe impairments: anxiety disorder, major depression, and chronic headaches. (AR 10-19). Plaintiff alleges the ALJ improperly determined that Plaintiff did not have severe back pain. (Pl.'s Br. 5). The second step of the sequential analysis requires that the ALJ determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." 20 C.F.R. §41.920(c). An impairment or combination of impairments is severe within the meaning of the Act if it significantly limits an individual's ability to perform basic work activities. Here, although Plaintiff did not allege an impairment of severe back pain in the application for SSI (AR 151-59), the ALJ reviewed and considered the objective evidence in the medical record which indicated that Plaintiff had been evaluated and treated for degenerative disc disease. (AR 12). In finding that Plaintiff's diagnosis of degenerative disc disease did not implicate a severe impairment, the ALJ relied on several findings in the medical record. First, diagnostic images showed Plaintiff had only mild degenerative disc disease (AR 308-11). Second, treatment for Plaintiff's back pain was limited to a recommendation to do back exercises as

tolerated. (AR 287). Although Plaintiff was told to avoid heavy lifting, carrying or weight bearing activities for back care, pain management prescription medications were not required. Id. This would indicate that the severity of Plaintiff's back pain was mild and did not require more aggressive treatments such as therapy or surgery.

Plaintiff points to records indicating he suffered from arthritis of the spine which supports a finding of severe back pain. (Pl.'s Br. 6). However, the record shows that Plaintiff's own subjective opinion indicates he felt a very low level of pain, describing his pain intensity as 1 out of 10. (AR 390). The ALJ noted that Plaintiff's physical examination was within normal limits, indicating negative for straight-leg raising, normal motor ability, and normal motor and neurological exams. (AR 12, 288, 293, 297). Plaintiff testified about his back problems, but he did not indicate that he required pain medication or assistive devices. (AR 44-45). He did indicate he wore a back brace, but it had not been prescribed. (AR 44). Furthermore, the record indicates that Plaintiff had once declined pain medication. (AR 396). This would indicate the pain was not so severe that pain medication was necessary. Due to Plaintiff's mild symptoms and treatment, in combination with the general lack of evidence regarding any functional limitations, the ALJ properly found that Plaintiff did not suffer from severe back pain.

The third step of the sequential analysis requires the ALJ to determine whether the claimant's impairment or combination of impairments is of such severity to meet or medically equal the criteria of an impairment listed in 20 C.F.R. §§416.920(d), 416.925, 416.926. The criteria of a listed impairment cannot be met solely based on a diagnosis. 20 C.F.R.§404. 1525(d), 416.925(d); see also Key v. Hecler, 754 F.2d 1545, 1549-50 (9th Cir. 1985). If the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of a listing and meets the duration requirement, the claimant is presumptively disabled. If it does not, the analysis proceeds to step four. Id.

Here, the ALJ found that the evidence did not support a finding that Plaintiff has the severity of symptoms required singly or in combination to meet or equal a medical listing, including those found under medical sections 1.00 and 12.00. Under section 1.04(A), Disorders of the Spine, degenerative disc disease can be a qualifying disability if it results in compromise of a nerve root or spinal cord with evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test. As discussed above, there is no objective medical evidence of Plaintiff suffering from any of these symptoms. Plaintiff's examination showed negative straight-leg raising test and had normal motor limits making it clear that Plaintiff's back impairment is not one that equals the severity of the listed impairments.

Moreover, Plaintiff's mental impairments do not meet those that equal the severity of one of the listed impairments in sections 12.04 and 12.06, respectively, Affective Disorders and Anxiety-Related Disorders. Listed impairments 12.04 and 12.06 require a finding under paragraph (B) that the impairment results in at least two of the following, (1) marked restriction of activities of daily living; or (2) marked difficulties in maintaining social function; or (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration.

Here, the record does not satisfy these criteria. Plaintiff has not shown marked restrictions in daily activity. He testified he does his own grocery shopping (AR 45), uses public transportation, participates in household chores, and attends regular meetings at his sober living residence (AR 36, 46-47). Also, the record does not support a finding of marked limitations to maintain social functioning, concentration, persistence, or pace, or repeated episodes of decompensation. Plaintiff indicated he attends church and visits family and friends. (AR 120-27, 244). The consultative examiner found that Plaintiff was able to focus his attention

adequately, was able to remember and complete simple tasks, able to tolerate stress inherent in the work environment, maintain regular attendances, and work without supervision. (AR 246).

Although Dr. Vicary indicated in a check-off report that Plaintiff had marked limitations in these areas (AR 447-52), his notation is unsupported by any other evidence. The ALJ properly afforded less weight to Dr. Vicary's report. See Crane v. Shalala, 76 F.3d 251,253 (9th Cir.1996) (ALJ properly rejected doctor's opinion because they were check-off reports that did not contain any explanation of the bases of their conclusions). Little weight was given to Dr. Vicary's opinion that Plaintiff could not be gainfully employed because it was written on a form without the support of any reasoning, or his treatment notes or other evidence in the record. Dr. Vicary's opinion was limited in stating specifically that Plaintiff could not be gainfully employed only for a period from February 2011 to June 2011. (AR 377).

If the requirements in paragraph (B) are not satisfied, under paragraph (C) for listing 12.04, there must be medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following (1) repeated episodes of decompensation, each of extended duration; or (2) a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicated to cause the individual to decompensate; or (3) current history of one or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement. The record is devoid of any objective or subjective evidence meeting these requirements.

Similarly, paragraph C of listing 12.06, which requires a finding that the impairment results in complete inability to function independently outside of the area of one's home, is not satisfied. The record shows that Plaintiff can function

independently outside of his home. He indicated he runs errands, shops for groceries, and visits family and friends. (AR 244). Despite Plaintiff's diagnosis of social anxiety in July of 2009, the record indicates he was stable by December 2009. (AR 381-82). His medications were routine and conservative. The consultative examiner found Plaintiff's mental status exam to reveal no evidence of cognitive deficits, perceptual disturbances, or delusional disorders. (AR 243-36).
Based on these findings, the ALJ properly considered the combination of Plaintiff's mental and physical impairments in part and in combination.

**2. The ALJ Properly Determined Plaintiff's RFC.**

Plaintiff asserts that the ALJ failed to properly determine Plaintiff's RFC. (Pl.'s Br. 8). Specifically, Plaintiff contends that the ALJ failed to properly consider Plaintiff's credibility in the course of assessing Plaintiff's RFC. Id. This argument is not persuasive because the ALJ provided clear and convincing reasons for finding that Plaintiff was not credible. Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007) (citing Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996). If the ALJ's credibility finding is supported by substantial evidence in the record, the court may not engage in second-guessing the ALJ's decision. Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002).

Here, the ALJ pointed to specific reasons for finding Plaintiff's not credible. First, the ALJ pointed to inconsistencies in Plaintiff's statements with regard to his mental impairments and his ability to partake in activities. (AR 14-15). In the Disability Report form SSA 3368, Plaintiff claimed he cannot function or leave his room and he did not feel like doing anything (AR 152). Yet, in the Function Report, Plaintiff indicated that he attends AA meetings, sweeps the floors, does laundry, shops for groceries, and goes to church three times a week. (AR 120-27). The ALJ reasoned that some of the physical and mental abilities and social interactions required to participate in these activities are the same as those necessary

for maintaining employment, thus it undermines Plaintiff's credibility with regard to his functional limitations. (AR 15).

Second, the ALJ pointed to inconsistencies between Plaintiff's subjective complaints and the medical evidence. For instance, Plaintiff claimed he suffered from severe headaches, however, the treatment record shows that upon seeking treatment on February 26, 2010, Plaintiff had no acute medical issues. (AR 272). He was also prescribed conservative medications including Ibuprofen and Tylenol for his headaches. (AR 274). Except for possible small vessel ischemic disease, an MRI of the brain was normal and unremarkable. (AR 312-13). The record lacks any evidence of follow up treatment to address either the possible small vessel ischemic disease or headaches of any kind.

Plaintiff asserts that migraine headaches must be considered. (Pl.'s Br. 7). Treatment notes from Exodus Urgent Care notes that Plaintiff had migraine headaches, but upon discharge, he was not prescribed any migraine medication. (AR 343). Further, Plaintiff did not allege that he suffered from severe migraines. In fact, he testified that he felt tightness in the head rather than headache. (AR 37). In sum, the ALJ pointed to clear and convincing and reasons in concluding that Plaintiff's subjective complaints were less than fully credible. Thus, the ALJ properly considered Plaintiff's credibility and properly determined Plaintiff's RFC.

**B. ISSUE NO. 2:**

Plaintiff contends that the ALJ improperly relied on the Vocational Expert's testimony in determining that the Plaintiff could perform a significant number of jobs which exist in the national economy because the hypothetical question was incomplete. (Pl.'s Br. 8-9). Defendant argues that the hypothetical question posed to the VE was supported by the record evidence, therefore the ALJ properly relied on that testimony. (Def.'s Br. 8-9). Plaintiff's contention lacks merit.

At step five of the sequential analysis, the ALJ bears the burden to establish that there are other jobs that exist in substantial numbers in the national economy that the plaintiff can still perform considering her RFC, age, education and work experience. See 20 C.F.R. §404.1520(a)(i-v). The ALJ can call a vocational expert to testify whether there are jobs for a person with plaintiff's limitations, based on a hypothetical question. In order for the vocational expert's testimony to constitute substantial evidence, the hypothetical question posed must "consider all of the claimant's limitations." Andrews v. Shalala, 53 F. 3d 1035, 1044 (9th Cir. 1995). However, the ALJ is not required to include limitations for which there is no evidence. See Osenbrock v. Apfel, 240 F. 3d 1157, 1164-65 (9th Cir. 2001).

The ALJ relied on the VE's testimony in response to the first hypothetical question posed:

> [A]ssume a hypothetical individual who is currently 54 years of age, with a high school plus a two year college degree education; is literate, able to communicate in English, and work experienced as outlined by yourself and the testimony today. Assume further the individual has the following abilities. In this first one, no exertional limitations, but would have the following non-exertional mental limitations: understand and remember a simple routine task; carry out short and simple instructions; and make decisions, judgments and decisions with simple unskilled duties. Could the individual perform any work available in the national economy? (AR 50-51).

In the decision, the ALJ stated that Plaintiff's ability to perform work at all exertional levels was compromised by his nonexertional limitations. (AR 18). Those nonexertional limitations, described in the hypothetical question, embodied the limitations resulting from Plaintiff's mental impairments. The ALJ did not include greater nonexertional limitations because no other mental functional limitations were found to be supported by the record. There was no indication of physical functional limitations due to back pain or headaches, and the mental limitations were included in the hypothetical question. Therefore, the ALJ's hypothetical question was appropriate, and the ALJ properly relied upon the VE's testimony.

IV. ORDER

For the forgoing reasons, the decision of the Commissioner is affirmed and the Complaint is dismissed.

DATED: February 28, 2013

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE